Harold J. Hughes, J.
This is a motion by plaintiff for summary judgment.
Plaintiff has commenced the present action to recover the sum of $850.95 under the terms of his automobile insurance policy. The facts are undisputed and may be briefly stated. In March, 1976 plaintiff was the owner of a 1969 Ford pickup truck and the vehicle was insured by the defendant. On March 10, 1976 the vehicle was broken into and two pieces of equipment were stolen, a scanner and a two-way voice radio. Plaintiff notified the defendant of the theft of these items and filed a proof of loss. The company denied coverage in a letter dated March 19, 1976. It pointed out that the policy defines "covered automobile”, in part, as follows: "Covered Automobile” means a land motor vehicle, trailer or semi-trailer, including its equipment and other equipment permanently attached thereto.” The company went on to state that simply because a CB set is permanently affixed to the covered auto does not mean there is coverage against theft under the physical damage coverage agreements contained in the policy. Defendant’s interpretation of the contract is that if the unit were affixed to the covered auto either by factory installation or in a factory-fabricated and installed receptacle designed specifically for the covered auto and designed to contain the specific "CB” unit which did not permit any removal from the covered auto except for replacement of the entire unit or major repair of the unit, then and only then would there be coverage.
In its affidavit in opposition to the present motion, defendant also relies on the following language of the policy: "This insurance does not apply * * * to loss to * * * any device or instrument designed for the recording, reproduction, or recording and reproduction of sound unless such device or instrument is permanently installed in the covered automobile.”
The issue before the court is whether it may determine as a matter of law whether the equipment in question was permanently .attached or permanently installed in the covered automobile.
Plaintiff testified at an examination before trial that he had the radio installed in the truck and that he installed the scanner himself. The scanner was attached to a bracket which *846 was bolted to the inside of the dashboard. Three bolts attached the bracket to the dashboard and two bolts attached the scanner to the bracket. The radio was attached to a bracket which was bolted to the underside of the dashboard with three bolts. The radio itself was attached to the bracket with two bolts. The three bolts which held the radio bracket were in holes that had been drilled in the dashboard. The radio was also locked in place with a factory-supplied bracket. This bracket attached to the side of the radio through which a padlock was inserted.
This court has found no authority on the issue raised in this motion. One court has held that a stereo player installed in an automobile and connected to the automobile’s electrical system was covered under a comprehensive clause of a policy which insured against loss or damage to the "automobile and its equipment.” The court found it immaterial that the player had not been secured to the automobile by bolts, since it was apparent that the system had been placed in the automobile with the intention of devoting it to use as an automobile stereo. In reaching its result, the court applied the rule which requires doubts as to construction to be resolved in favor of the insured (Kidd v Nationwide Mut. Ins. Co., 255 SC 413).
In the case at bar, the court has no difficulty in finding as a matter of law that both the scanner and the radio were permanently attached and installed in the automobile within the meaning of the policy. Although not directly applicable, the law of fixtures is at least applicable by analogy and supports the result reached. Where there is evidence that the installation of an item was of a permanent nature, it will be deemed a fixture (see Rose v State of New York, 24 NY2d 80, 86). The expression "permanent” does not imply that the annexation must be intended to be perpetual, it being sufficient that it was contemplated that the article remain where fastened until worn out or superseded by another article more suitable to the purpose (see 23 NY Jur, Fixtures, § 3). The installation in the present case clearly shows that the attachment of the scanner and radio was intended to be permanent as that term is defined in the law of fixtures.
The court holds that plaintiffs evidence has established that he is the owner of the equipment and that it was covered under the policy. Accordingly, he is entitled to judgment on the issue of liability, with $20 costs on the motion, and the *847 matter is transferred to Trial Term for an assessment of damages (see CPLR 3212, subd [c]; 22 NYCRR 862.5).